## Commonwealth v. Bower

324

*F. Porter Wagner*, for Commonwealth.

*Franklin E. Kepner*, for defendant.

KREISHER, P. J., February 21, 1962. — This case comes before the court by reason of defendant being charged with violations of The Vehicle Code, waiving a hearing and posting bond for his appearance in court. The matter was called for trial on January 25, and before the testimony was taken, counsel for defendant made a motion that the information be quashed because it is based on information, and it fails to reveal the name of the person giving the information, and it fails to contain an affidavit that the officer lodging the information believes the same to have been true to the best of his knowledge, information and belief.

This objection to an information has been repeatedly passed upon by the courts, and it is generally held that the motion is without merit, and therefore, no basis for quashing the information.

In the case of Commonwealth v. Kepner, 2 D. & C. 2d 756, the information filed by a police officer on information received contained only the statement that: "This information filed is information received." There was no affidavit or statement to the effect that the prosecuting officer believed the information to be true. However, the court refused the motion on the ground that:

"When one signs an affidavit from information received from others such person's belief of the truth of such information may be implied from his very act in swearing to such information."

The court also calls the motion, on page 758 of the opinion, "a flimsy technicality" stating, inter alia, that:

". . . Defendant is protected. If he is in jail he can proceed by habeas corpus. If there has been a false arrest he may sue. The Constitution did not intend that he could smugly wait until too late for the Commonwealth to proceed further, then have the proceedings against him quashed because of the lack of an affirmative statement that the prosecutor believed the information to be true. His belief of its truth may be implied."

Therefore, without further discussion, being of the same opinion, defendant's motion to quash for the above stated reason is denied.

The facts of the case may be briefly summarized as follows. On October 18, 1961, defendant was employed by the P. & M. Auto Transport Company, and he was driving a tractor-trailer outfit hauling new Chrysler Imperials on a unit designated as a triple decker with the top of the cars on the high rack thirteen feet two inches off the ground.

After unloading a car at the Chrysler garage on Front Street, he turned right on Factory Street toward Market Street to get back on the State highway, and while going up the incline on Factory Street between Front and Market Streets, he encountered low hanging branches of large shade trees over the road. He stopped his vehicle before going under the limbs and crawled on the hood of his tractor and proceeded to break the limbs from the tree to avoid the cars on top from getting scratched. He had a canvas canopy on top of the cars, but he wished to prevent the sides of the cars from being scratched.

Just as he was finished breaking the limbs from the tree and throwing them in the road, a resident of the house on whose property the trees were growing appeared and asked him if he was going to leave the

limbs lying in the road, and he replied in the affirmative, whereupon heated words were exchanged, during which time a neighbor lady called the police, but before the police arrived defendant got into his cab and started slowly up the incline toward the intersection of Market Street. The resident placed his hands on the front of the hood and pushed backwards, but backed up the hill in front of the unit until they arrived at the stop sign when the resident jumped to the side, and defendant proceeded on through the stop sign at approximately three to five miles per hour turning right on Market Street.

Later, the officer arrived and received the complaint from the resident which resulted in the information which the officer lodged, and is now before us for disposition, the testimony having been transcribed and filed.

Section 1001 of The Vehicle Code of April 29, 1959, P. L. 58, makes reckless driving unlawful, and for the purposes of the act is construed to include:

"(1) Any person who drives any vehicle . . . upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

In construing this section, our courts have held that the word "carelessly" used therein includes something more than mere negligent conduct, and to make out a violation, must show that the operator wantonly and carelessly disregarded the rights or safety of others, or drove the vehicle so rashly as to endanger any person or property rightfully upon the highway.

From the foregoing undisputed facts, we find that no one was actually injured. There is no testimony of excessive speed, and there is actually no evidence of any negligent conduct amounting to a careless disregard of the safety of others upon the highway because it is admitted defendant proceeded at a speed no

greater than the maximum estimate of five miles per hour, as contradicted by defendant who fixed his speed at three miles per hour.

The law of Pennsylvania provides that there shall be a public clearance of 14 feet on all highways unless otherwise marked, and in boroughs it is the duty of the borough to maintain this clearance for the motoring public. Therefore, under the law, it is our opinion that defendant had the right to remove the limbs obstructing his free passage, and he testified that he would have gladly removed the limbs if the resident had given him a place to store them. However, he contends he had no place on his tractor-trailer to place the limbs.

We are not satisfied that the Commonwealth has met its burden of proving this crime beyond a reasonable doubt, or that it made out the elements necessary to convict this driver of reckless driving, and therefore, we are of the opinion this charge must be dismissed.

The testimony of the enraged resident and his neighbor who called the police very emphatically contradicts defendant's testimony that he stopped momentarily at the stop sign to afford the resident an opportunity to remove his body from the front of his tractor, as they contend the resident moved from the front of the tractor by jumping aside while the tractor was still moving, and that he did enter Market Street and turn right without coming to a full stop.

Section 1016 of the said Vehicle Code provides:

"(a) It shall be unlawful for the driver or operator of any vehicle . . . except as is otherwise provided in this section, before entering a through highway, to fail to come to a full stop, within a reasonable distance, before entering the intersection on such through highway, when an official 'STOP' sign or signs have been erected in accordance with the provisions of this act."

Since we have the testimony of two witnesses to defendant's driving through the stop sign, and since

human nature under the facts and circumstances of this case would indicate that a driver would probably be prompted to do so, we are inclined to find defendant guilty of this provision of The Vehicle Code.

We are not unmindful of defendant's occupation and that he derives his livelihood by the use of his operating privileges, and this fact bolsters our finding with respect to the reckless driving charge. However, a stop sign violation does not carry with it the same resultant consequences that are attendant to the charge of reckless driving, and therefore, this bolsters our conclusion that defendant did fail to come to a full stop within a reasonable distance before entering the Market Street intersection.

The thought occurs to the court that if the officer was inclined to file multiple offenses, or in other words, "throw the book at the defendant," that he might have confronted the court with the very subtle question of whether defendant's throwing the limbs into the street constituted a violation of the recent littering law which carries with it a fine of $100. However, we are grateful we are not called upon to dispose of this question, and to this end, we make the following:

### Order

And now, February 21, 1962, we adjudge defendant not guilty to the charge of reckless driving, and we adjudge defendant guilty of failure to come to a full stop within a reasonable distance before entering an intersection or through highway where an official stop sign has been erected, and therefore, direct the district attorney to notify said defendant to appear in open court for sentence on the last Thursday of April, 1962, unless in the meantime said defendant shall have paid the costs of prosecution and a fine of $5 to the Commonwealth of Pennsylvania for the use of the county of Montour.